UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50762
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS OCHOA-HOLGUIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-90-CR-333-2)

_____

July 9, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM[*]:


Carlos Ochoa-Holguin, #51745-080, appeals, *pro se*, the

district court's amended criminal judgment after resentencing. The

district court had the authority to resentence him on the remaining

drug counts after granting his 28 U.S.C. § 2255 motion (based on

vacating his conviction under 18 U.S.C. § 924(c), pursuant to

_____

[*]     Pursuant to 5th Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

*Bailey v. United States*, 116 S. Ct. 501 (1995)), and remanding for resentencing. *United States v. Rodriguez*, No. 96-30878, 1997 WL 265121, (5th Cir. May 20, 1997).

The district court did not clearly err in applying the U.S.S.G. § 2D1.1(b)(1) two-level upward adjustment for possession of a weapon. *See United States v. Otero*, 868 F.2d 1412 (5th Cir. 1989). And, Ochoa-Holguin did not object to the allegedly late disclosure of the presentence report. Accordingly, we review only for plain error. There was none. Among other things, any late disclosure did not affect Ochoa-Holguin's substantial rights. *United States v. Calverley*, 37 F.3d 160 (5th Cir. 1994)(en banc).

Finally, the resentencing transcript shows that the allegedly late disclosure of the amended presentence report did not affect Ochoa-Holguin's ability to object to incorrect information about an alleged second weapon; and that Ochoa-Holguin did not otherwise receive ineffective assistance of counsel at resentencing.

*AFFIRMED*